J. M. DENNY, ET AL *v.* HARRIET FURGERON, ET AL.

**Vendor and Purchaser—Lien For Purchase Money—Recitals in Deed.**

> The recital in a deed, is that said land was sold "for the sum of $1700.00 to be paid in hand, the receipt of which will be fully acknowledged, when the above amount is fully paid to the order of the first note."
>
> The vendor caused his vendees to execute to Ferguron, their joint note for the sum of $1088.44, and to Denny, the appellant their joint note for $300.00. Denny brought this action on his note seeking a purchase money lien on the land. Held, that neither the letter nor the spirit of the statute, giving vendors a lien for purchase money on land sold, was complied with in the execution of the conveyance.

APPEAL FROM WAYNE CIRCUIT COURT.

January 6, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

Thomas D. Denny sold and conveyed a tract of land situated in Wayne county to Crabtree and Simpson for the expressed consideration of seventeen hundred dollars. The recital in the deed is that said land was sold "for the sum of seventeen hundred dollars to be paid in hand, the receipt of which will be fully acknowledged when the above amount is fully paid to the order of the first note." The vendor caused his vendees to execute to Elizabeth H. Furgeron their joint note for the sum of $1088.44 and to J. M. Denny the appellant their joint note for $300. The balance of the purchase price of the land was paid to the vendor in cash. No mention was made of either of these two notes in the deed.

Mrs. Furgeron having recovered a judgment at law upon her note, caused an execution to be raised thereon, and had the land levied upon and sold, at which sale she became the purchaser and she now holds the sheriff's deed to the same. J. M. Denny also recovered judgment at law on his note and his execution having been returned no property found, he brought his suit in equity claiming that there was a lien retained upon the land to

secure the payment of the purchase price including the notes executed to himself and Mrs. Furgeron and asking to have her execution sale disregarded, and the land resold and the proceeds applied proportionately to the payment of the two notes.

The court below dismissed his petition and he has appealed to this court.

The language of the statute is "when any real estate shall hereafter be conveyed and the purchase money or any part thereof shall remain unpaid at the time of the conveyance, the grantor shall not thereby have a lien for the same unless it be *expressly* stated in the deed what part of the consideration remains unpaid." The conveyance under which the lien in this case is claimed recites that the entire purchase price was *"to be paid in hand."*

The exact meaning of the language used may be regarded as doubtful, but it seems to us that it implies that the purchase price was to be paid upon the delivery of the deed. Construing it however more favorably to the appellant, the conveyance upon its face leaves it uncertain whether or not the entire purchase price was to be paid *"in hand"* as recited, or at some time subsequent to its execution and delivery, and therefore it cannot be said that it "was expressly stated in the deed what part of the consideration remained 'unpaid.' "

Applying to this case the doctrine laid down by this court in the case of *Chapman v. Stockwell, 18th B. Monroe, 652,* which has been repeatedly approved in subsequent cases, we are constrained to the conclusion that neither the letter nor the spirit of the statute was complied with in the execution of the conveyance under consideration, and that the same did not retain a lien upon the land conveyed to secure the judgment of either of the notes executed or before stated to the appellee and the appellant. We are of opinion that the court below did not err and its judgment is therefore *affirmed.*

*Tuttle, for appellant.*